UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN S. SIMMONS,
LAWRENCE L. SIMMONS, KAREN S. SIMMONS
as next friend of A.A.S., a minor, and
LAWRENCE L. SIMMONS, as next friend
of A.A.S., a minor,

       Plaintiffs,

v.                                   Case No. 1:10-cv-51
                                   Hon. Robert J. Jonker

BOYS AND GIRLS CLUB OF
GREATER KALAMAZOO,

       Defendants.
                                      /

**REPORT AND RECOMMENDATION**

Plaintiffs as individuals and as next friends of their minor child, A.A.S., brought this *pro se* action pursuant to 42 U.S.C. § 1983, 20 U.S.C. § 1681(a), and 42 U.S.C. § 2000d, claiming that defendant violated their civil rights. This matter is now before the court on the March 19, 2010 Order to Show Cause (docket no. 13) and plaintiffs' document entitled "Mr. and Mrs. Simmons oral hearing request for evidentiary consideration and finding to appoint legal guardian ad litem" (docket no. 20).

      **I.**        **Discussion**

Upon reviewing the complaint, the court determined that the claims of the minor child are not properly before the court. *See* Order to Show Cause, *supra.* A minor child or incompetent person cannot file a lawsuit in his own name. Fed. R. Civ. P. 17(c) requires that a representative, next friend or guardian ad litem file the suit on behalf of a minor or incompetent person:

**(c) Minor or Incompetent Person.**

    **(1) With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:

        (A) a general guardian;

        (B) a committee;

        (C) a conservator; or

        (D) a like fiduciary.

    (2) **Without a Representative.** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c).

    Here, plaintiffs Karen S. Simmons and Lawrence L. Simmons are, according to the complaint, acting as the minor child's next friends. *See* Rule 17(c)(2). They have not retained an attorney in this litigation and are attempting to pursue their child's claim *pro se*. Plaintiffs, however, may not proceed on behalf of their child without an attorney. "While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child." *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257, 1258 (W.D. Mich.1990). "[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). *See Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2nd Cir. 1990) ("it is not in the interests of minors or incompetents that they be represented by non-attorneys").

On March 19, 2010, the court entered an order directing plaintiffs to show cause in writing, within fourteen days, as to why the minor's claims should not be dismissed pursuant to W.D. Mich. LCivR 41.1 for lack of prosecution. *See* docket no. 13. Plaintiffs filed a response to the order to show cause on March 29, 2010. *See* docket no. 24. It is apparent from their response to the order to show cause that Mr. and Mrs. Simmons fail to grasp the problem: while they have filed this action on behalf of their child as the child's next friend, they cannot act as the child's attorney in litigating this matter. For that, they need to retain an attorney. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) ("under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

*Cheung*, 906 F.2d 5at 61.

The court has allowed plaintiffs Karen S. Simmons and Lawrence L. Simmons ample opportunity to remedy this defect by securing an attorney to represent the minor child. Rather than hire an attorney, or seek an extension of time to locate an attorney, plaintiffs' response ignores the issue, asks the court to withdraw the show cause order and asks the court to appoint a guardian ad litem. In this regard, plaintiffs subsequently filed a motion for an evidentiary hearing to appoint a guardian ad litem. *See* docket no. 20. It does not appear that plaintiffs understand the distinctions between a "next friend" or a "guardian ad litem," and an attorney, or why appointment of a guardian-ad-litem would serve no purpose. Plaintiffs' response to the court's show cause order

underscores their lack of understanding of the legal process and demonstrates why it is not in the best interest of their minor child to be represented by non-attorneys. Plaintiffs have failed to show cause why the court should not dismiss the claims asserted on behalf of the minor child for failure to prosecute those claims without an attorney. Accordingly, the claims of the minor A.A.S., asserted by his next friends Lawrence L. Simmons and Karen S. Simmons, should be dismissed. In addition, the motion for an evidentiary hearing to appoint a guardian ad litem should be denied. It is unnecessary for the court to appoint a guardian ad litem, because Mr. and Mrs. Simmons are currently acting as the minor child's next friends in this lawsuit. *See* Fed. R. Civ. P. 17(c).

## II. Recommendation

For these reasons, I respectfully recommend that the claims asserted against defendants by the minor child A.A.S. be **DISMISSED** without prejudice for lack of prosecution.

I further recommend that plaintiffs' motion for an evidentiary hearing to appoint a guardian ad litem (docket no. 20) be **DENIED**.


Dated: June 3, 2010                    /s/ Hugh W. Brenneman, Jr.
                                       HUGH W. BRENNEMAN, JR.
                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).